REIMERS ELECTRIC APPLIANCE Co., INC., Respondent, *v.* D. & D. ELECTRIC Co., INC., Appellant, Impleaded with NEW YORK TELEPHONE COMPANY, Defendant.

First Department, May 1, 1936.

*George Silverman* of counsel [*Alfred Mann*, attorney], for the appellant.

*Benjamin Burrows* of counsel [*Borowsky & Burrows*, attorneys], for the respondent.

PER CURIAM. The defendant D. & D. Electric Co., Inc., had been enjoined from using the name " Reimers " in any combination. However, it retained on its windows the following: " Reimers Electric Irons Repaired."

Plaintiff brought on a motion to punish said defendant for contempt of court in the use of the listing on its windows as above, and for the insertion of the advertisement in the New York telephone book containing the words " Gus Reimers."

Defendant opposed this motion on the ground that the listing in the telephone book was made by Gus Reimers prior to any injunction and was inserted in good faith. The New York Telephone Company was also made a party to the motion, because it had accepted and published such listing, and it likewise opposed the application on the ground that no injunction had been granted at the time the advertisement was printed.

The court found that the telephone company did not violate the injunction by accepting the advertisement, but that defendant violated the injunction by placing the advertisement and, by the order appealed from, defendant was fined $250 for contempt of court.

The publishing of the telephone book commenced on or about November 20, 1935, and was completed and distributed on or about December 12, 1935, all before the signing of the order upon which the contempt is based. In short, the order of December 16, 1935, was made retroactive and defendant punished because of an alleged violation of it.

This proceeding was improper, because " an injunction is never retroactive. It can never make an act unlawful, or a disobedience to its provisions, which was done before the injunction was granted." (*People* v. *Albany & Vermont R. R. Co.*, 12 Abb. Pr. 171.) We are unable to separate the penalty into the items of offense against the order.

The order should be reversed, with twenty dollars costs and disbursements, and the motion to punish for contempt denied.

Present — MARTIN, P. J., McAVOY, O'MALLEY, UNTERMYER and COHN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion to punish for contempt denied.